1
2
3
4
5
6
7
8
9              UNITED STATES DISTRICT COURT

10       CENTRAL DISTRICT OF CALIFORNIA- WESTERN DIVISION

11
12
13
14

15   DOUGLAS A. WILSON,              )      No.: CV 08-04340 SH
                                     )
16                    Plaintiff,     )      MEMORANDUM DECISION
                                     )
17          v.                       )
                                     )
18   MICHAEL J. ASTRUE,              )
     Commissioner of Social Security )
19   Administration,                 )
                                     )
20                    Defendant.     )
                                     )
21   _____)

22                     I.      PROCEEDINGS

23          This matter is before the Court for review of the decision by the

24   Commissioner of Social Security denying Plaintiff's application for disability

25   benefits.  Pursuant to 28 U.S.C. §636(c), the parties have consented that the case

26   may be handled by the undersigned.  The action arises under 42 U.S.C. §405(g),

27   which authorizes the court to enter judgment upon the pleadings and transcript of

28   the record before the Commissioner.  Plaintiff and Defendant have filed their

     respective pleadings, Defendant has filed the certified transcript of the record, and

the parties have filed a Joint Stipulation.  After reviewing the matter, the Court

concludes that the decision of the Commissioner should be reversed and remanded.

On December 14, 2000, July, 23, 2002, and August 9, 2002, plaintiff

Douglas A. Wilson filed applications for supplemental security income benefits

("SSI") alleging an inability to work since July 1, 2000 due to knee, ankle, and

shoulder pain, cardiac and mental problems.  His claims were denied initially, and

upon reconsideration by the Commissioner.  A hearing was held on February 5,

2004 (AR 35-68), and on March 25, 2004 an Administrative Law Judge ("ALJ")

issued a decision affirming the decision of the Commissioner, finding that Plaintiff

was capable of other work (AR 19-28).  The decision was affirmed by the Appeals

Council, and Plaintiff appealed to this Court, which reversed on two grounds.  The

Court found that the ALJ failed to address and consider the opinions of Dr.

Aquino, an examining physician, constituting error.  (AR 659-60).  The court also

found that the ALJ failed to address or discredit Plaintiff's subjective complaints of

fatigue.  Id.  In turn, the Appeals Council remanded the matter to the ALJ for

further proceedings, with direction to consolidate a subsequent application for SSI

filed on April 27, 2006.  (AR 664).

On remand, an ALJ found that Plaintiff had the residual functional capacity

to perform the full range of light work physically, but was limited to simple

repetitive tasks mentally.  (AR 638-49).   The ALJ used Medical-Vocational

Guidelines Rule 202.14 as a basis for finding that Plaintiff could perform other

work.  (AR 648).  On April 7, 2008, the ALJ determined that Plaintiff did not

suffer from disability.  (AR 649).

Plaintiff makes three challenges to the ALJ's determination.  Plaintiff alleges

that the ALJ erred by: (1) deviating from the prior residual capacity assessment; (2)

1   rejecting Plaintiff's request to cross-examine the consulting psychologist; and (3)

2   applying the Medical-Vocational Guidelines despite Plaintiff's severe non-

3   exertional impairments.

4

5                                    II.    DISCUSSION

6          1.    Standard of Review

7          Under 42 U.S.C. § 405(g)(1998), the Court reviews the Commissioner's

8   decision to determine if: (1) the Commissioner's findings are supported by

9   substantial evidence; and (2) the Commissioner used proper legal standards.

10  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence

11  means "more than a mere scintilla", Richardson v. Perales, 402 U.S. 389, 401

12  (1971), but "less than a preponderance." Desrosiers v. Secretary of Health &

13  Human Servs., 846 F.2d 573, 576 (9th Cir. 1988).

14        This court cannot disturb the Commissioner's findings if those findings are

15  supported by substantial evidence, even though other evidence may exist which

16  supports plaintiff's claim.  See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir.

17  1973), cert. denied, Torske v. Weinberger, 417 U.S. 933 (1974); Harvey v.

18  Richardson, 451 F.2d 589, 590 (9th Cir. 1971).  The Court is required to uphold

19  the decision of the Commissioner where evidence is susceptible to more than one

20  rational interpretation.  Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984).

21

22        2.    Deviation from prior residual functional capacity assessment was
    permitted

23        When the Appeals Council vacates a final decision of the Commissioner, the

24  ALJ must consider all pertinent issues de novo, which means the ALJ is required to

25  perform a new five-step sequential evaluation to determine claimant's eligibility

26  for disability.  Hearings, Appeals and Litigation Law Manual § I-2-8-18.  No

27  published opinion of the Ninth Circuit has applied the doctrines of law of the case

28

1    or the rule of mandate to preclude ALJs from revisiting issues settled in the district

2    court's orders.  Ishchay v. Barnhart, 383 F.Supp.2d 1199, 1215 (C.D. Cal. 2005).

3    Thus, in deciding on a claimant's eligibility for disability, the ALJ must consider

4    all evidence in the record. 20 C.F.R. § 416.920(a)(3).

5
6        In its Order of Remand, the Court directed the ALJ to give specific and

7    legitimate reasons for discrediting Plaintiff's complaints of fatigue, and to give

8    weight to the opinions of Dr. Aquino due to their probative nature.  (AR 659-60).

9    Unlike in Ishchay, where the Order of Remand specifically required a review of the

10   fifth step in the sequential evaluation, here, the District Court's order required the

11   ALJ to go back to step two and examine the severity of Plaintiff's impairments by

12   examining Plaintiff's fatigue testimony and the report of Dr. Aquino.  (AR 658-

13   60).  By starting at step two of the sequential evaluation, the ALJ was required to

14   take in all evidence regarding the Plaintiff's impairments, including a bicycle

15   accident in 2005 and Plaintiff's testimony at the 2007 hearing.

16       In the case at hand, the ALJ provided specific and legitimate reasons for

17   changing Plaintiff's residual functional capacity assessment from sedentary to light

18   work.  First, the ALJ noted that his previous residual capacity assessment was

19   completely unsupported by objective medical evidence, and there was

20   uncontroverted medical evidence that Plaintiff was capable of performing light

21   work.  (AR 317-24, 444-51, 644). Then, the ALJ looked to the bike riding accident

22   of 2003 (AR 425-30), and the more recent accident in 2005 (AR 752-63), finding

23   that such levels of activity were consistent with a residual functional capacity to

24   perform light work. (AR 645).  Finally, as Plaintiff's coronary artery disease had

25   remained stable, and Plaintiff had been examined and found to have normal blood

26   pressure (AR 798, 800, 802), the ALJ found that cardiac problems and/or

27   hypertension were not conditions which prohibited the Plaintiff from performing

28   light work.  (AR 645).

With regards to Plaintiff's mental state, the ALJ concluded that Plaintiff was capable of performing simple repetitive tasks.  (AR 644).  The ALJ found that in the absence of drugs and alcohol, Plaintiff had no more than mild limitations on his ability to interact with others, perform simple tasks, and handle changes in the workplace; and such limitations were consistent with the mental limitation of performing simple repetitive tasks.  (AR645-46).  As Plaintiff had been under the influence of drugs and alcohol in those instances where he displayed significant mental problems (AR 425-30, 752-63), the ALJ's conclusion was supported by evidence in the record.  Moreover, the ALJ noted that the state agency psychologist diagnosed Plaintiff with polysubstance abuse/dependence (AR 895), not psychosis, and Plaintiff's primary care physicians had not referred Plaintiff for psychiatric treatment. (AR 645).  The ALJ did take into consideration the report of Dr. Aquino, and found it consistent with Plaintiff's mental ability to perform simple repetitive tasks (AR 472).  (AR 644).  Thus, even though the ALJ found that combined impairments of hypertension and anxiety were severe (AR 641), these conditions did not limit Plaintiff from the residual functional capacity to perform simple repetitive tasks, mentally. (AR 644).

In light of the absence of medical findings supporting Plaintiff's claims of physical and mental impairments, the ALJ concluded that there was simply no objective evidence to support a finding of disability.  (AR 646).  However, lack of objective medical evidence alone is not a sufficient basis to discredit Plaintiff's allegations of pain, and the ALJ must have specific, legitimate reasons to reject Plaintiff's credibility.  See Morgan v. Apfel, 169 F.3d 595 (9th Cir. 1999).  Thus, the ALJ also noted that there were inconsistencies in Plaintiff's statements at the 2007 hearing which lead him to doubt Plaintiff's general credibility.  (AR 647, 900-24).  For example, the ALJ stated that Plaintiff claimed to have dealings with former Secretary of Defense Donald Rumsfeld and alleged to be the recipient of a

Purple Heart (AR 907, 911); neither of which was supported by Plaintiff's record or his mother. (AR 646). In addition, the ALJ concluded that Plaintiff's credibility was also eroded by the state agency psychologist's report, which indicated that Plaintiff produced an invalid MMPI score due to an exaggeration of his psychiatric symptoms. (AR 647, 894).

In conclusion, the ALJ was required to take all evidence in the record into account when looking to the severity of Plaintiff's impairments and determining disability. 20 C.F.R. § 416.920(a)(3). In this case, the ALJ looked to the recent biking accident, new medical reports, and evidence from the 2007 hearing to determine that a finding of sedentary residual functional capacity was not supported by objective medical evidence. (AR 644-47). The ALJ had uncontroverted medical evidence that Plaintiff was capable of performing light work. (AR 317-24, 444-51, 644). Also, there were legitimate reasons to discredit Plaintiff's pain allegations, including an invalid MMPI and testimony inconsistent with the record. (AR 647, 894). Therefore, the ALJ's determination that Plaintiff had the residual functional capacity to perform light work, physically, and simple repetitive tasks, mentally, was supported by substantial evidence.

3.   Rejection of Plaintiff's request to cross-examine consulting psychologist was improper

Where a physician is a crucial witness whose findings substantially contradict the other medical testimony, and when interrogatories are an inadequate substitute for cross-examination, the claimant is denied procedural due process when the request for cross-examination is not granted. Solis v. Schweiker, 719 F.2d 301 (9th Cir. 1983).

Plaintiff alleges that the ALJ's denial of a request to cross-examine consulting psychologist, Dr. Brawer, was improper because the ALJ relied on his report to contradict Plaintiff's history of delusional behavior, and interrogatories

were not a proper substitute. (Joint Stipulation at 19-20).

The record on remand in this case indicated a history of delusional behavior and mental illness. (AR 425-30, 752-63). On February 19, 2003, Plaintiff was involuntarily admitted to the hospital, when an "agitated, irritable, and psychotic" Plaintiff threatened police. (AR 425). The treating physician, Said Jacob, diagnosed Plaintiff with major depression, severe, with psychotic features. Id. During the same hospitalization another treating physician, Laura Lai, diagnosed Plaintiff with psychosis, not otherwise specified. (AR 428). Two years later, on September 1, 2005, Plaintiff was again involuntarily hospitalized after police found him with a false badge trying to make a "citizen's arrest" as an FBI agent. (AR 752). While under the care of treating physician Hassan Farrang, Plaintiff admitted to hearing voices and was diagnosed with psychosis, not otherwise specified. (AR 753). The Plaintiff also has continued difficulties with anxiety, for which he receives medication. (AR 812, 814, 816, 820, 824, 826, 827, 829, and 831). Finally, the ALJ himself called Plaintiff's testimony at the 2007 hearing "frankly bizarre" in light of Plaintiff's claims that he had dealings with former Secretary of Defense Donald Rumsfeld and spoke an Indian dialect unknown to translators. (AR 642, 907).

However, the ALJ did not find Plaintiff's mental problems to be disabling because they were infrequent, associated with drugs and alcohol, and not supported by the findings of consulting psychologist, Dr. Brawer. (See 642, 645-47). The ALJ noted that Plaintiff was hospitalized for psychotic behavior on two occasions, and on both occasions he was better after detoxification. (AR 644). The ALJ also noted that despite diagnosing Plaintiff with anxiety on several occasions (AR 812, 814, 816), Plaintiff's primary care physicians never referred him for psychiatric treatment. (AR 645). In addition, the ALJ found that evidence of Plaintiff's mental problems was contradicted by Dr. Brawer's report in July 2007 which

stated that Plaintiff only had polysubstance abuse/dependence and a depressive disorder and no evidence of a reality contact disorder. (AR 642, 645). Thus, the ALJ did significantly rely on the findings of Dr. Brawer to discredit evidence of mental problems. (AR 642).

Moreover, the ALJ relied on Dr. Brawer's MMPI test and Plaintiff's mother's report in order to undermine Plaintiff's credibility regarding mental problems. (See 646-47). The ALJ questioned Plaintiff's credibility regarding his complaints of mental problems by noting a report by Dr. Brawer in which Plaintiff produced an invalid MMPI score indicating an extreme exaggeration of psychiatric symptoms. (AR 647). The ALJ also found that Plaintiff's credibility is undermined by his mother, Margaret Wilson, who does not state that her son suffers from psychosis. (AR 647). However, Plaintiff's mother admitted that she only spends a few hours per week with her son, and there is no evidence that Margaret Wilson is a licensed doctor. (AR702-09).

Here, Plaintiff demonstrated a history of mental problems and the ALJ relied on Dr. Brawer's findings not only to disprove evidence of mental problems, but also to undermine Plaintiff's credibility regarding his mental problems. (AR 642, 645, 647). The ALJ expressly stated that he did not permit cross-examination because the findings of Dr. Brawer did not provide the basis for his decision in this case. (AR 642). However, the ALJ clearly relied on the findings of Dr. Brawer, and it was improper to deny Plaintiff the opportunity for cross-examination.

In conclusion, the case is reversed and remanded in order to give Plaintiff the opportunity to cross-examine Dr. Brawer.

III.    ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

          For the foregoing reasons, the decision of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).


Date:   __July 30, 2009____


                              _____/s/_____
                              STEPHEN J. HILLMAN
                              UNITED STATES MAGISTRATE JUDGE